UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MICHAEL FLINT, #248501,

    Plaintiff,
                 CASE NO. 4:10-CV-15098
v.                  HONORABLE MARK A. GOLDSMITH

BRUCE U. MORROW, et al.,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. Introduction**

Plaintiff, Michigan prisoner Anthony Michael Flint, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The Court had granted him leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(a). Plaintiff has also filed a motion for class certification for his suit, on the grounds that "the Michigan judiciary has persistently engaged in the unconstitutional practice and customs that form the bases of the Complaint over the course of many years, thereby affecting literally thousands of persons."

In his complaint, Plaintiff challenges his state criminal proceedings which resulted in convictions for first-degree murder, armed robbery, and possession of a firearm during the commission of a felony following a jury trial in 1995. Case No. 94-00892-01. Specifically, he raises claims concerning the trial court's jurisdiction, the non-disclosure of testimony supporting the probable cause determination, and his speedy trial rights. He names Wayne County Circuit Judge Bruce Morrow, former Michigan Governor Jennifer Granholm, Michigan Department of Corrections Director Patricia Caruso, and the Wayne County Prosecutor's Office as defendants. He seeks

1

declaratory and injunctive relief, costs, and any other appropriate relief. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal cannot be taken in good faith.

## II. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. See 28 U.S.C. § 1915A. An in forma pauperis complaint is frivolous if it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

To state a federal civil rights claim, "a plaintiff must allege that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir.1992). A pro se complaint is to be construed liberally. Ratliff v. U.S., 999 F.2d 1023, 1026 (6th Cir. 1993). Despite the liberal pleading standard, the Court finds that the complaint is subject to summary dismissal.

By challenging state court criminal proceedings and resulting convictions, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, not the validity of his continued confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Similarly, to recover damages under § 1983, a plaintiff must successfully challenge his confinement through appropriate

state or habeas grounds independent of his § 1983 action – a suit under § 1983 itself may not invalidate the underlying conviction.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The Supreme Court has stated that the Heck line of cases "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  In the instant case, the validity of Plaintiff's continued confinement would be called into question if Plaintiff were to prevail on the claims contained in his present complaint.  Such claims are barred by Heck and must be dismissed.

### III.  Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint.  Accordingly, the Court dismisses his civil rights complaint.  The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  Additionally, because the complaint is subject to dismissal, the Court dismisses all other pending motions as moot.


Dated: April 8, 2011                                     s/Mark A. Goldsmith
                                                         MARK A. GOLDSMITH
                                                         United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2011.

                                            s/Lisa Wagner for Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager